IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 4:12-902 |
| | ) | 4:13-053 |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| **GERALD E. ROBERTS** | ) | |

### General Provisions

This PLEA AGREEMENT is made this 25th day of February, 2013, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney William E. Day, II; the Defendant, **GERALD E. ROBERTS**, and Defendant's Attorney, Michael A. Meetze, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant agrees to plead guilty to Count 1 of the Indictment, Criminal Number 4:12-902, now pending, which charges transportation of child pornography, a violation of Title 18, United States Code, Section 2252A(a)(1). In order to sustain its burden of proof as to this offense, the Government is required to prove the following:

    **Count 1-- Title 18, United States Code, Section 2252A(a)(1)**

    A. The defendant transported a visual depiction in interstate or foreign commerce by any means, including by computer;

    B. The visual depiction was of a person under the age of 18 engaging in sexually explicit conduct;

    C. The defendant knew that the visual depiction was of a person under the age of 18 engaging in sexually explicit conduct.

**Penalties:**
FINE OF $ 250,000.00   (18 USC 3571)
IMPRISONMENT FOR  5 - 20 YRS
SUPERVISED RELEASE OF  5yrs to LIFE   (18 USC 3583)
SPECIAL ASSESSMENT $  100.00   (18 USC 3013)

2. The Defendant, **GERALD E. ROBERTS**, agrees to waive Indictment and arraignment, and plead guilty to an Information, Criminal Number 4:13-053, charging production of child pornography, in violation of Title 18, United States Code, § 2251(a) and (e). In order to sustain it's burden of proof as to this offense, the Government is required to prove the following:

### Count 1-- Title 18, United States Code, Section § 2251(a) and (e)

(A) That the Defendant employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

(B) That at the time, the victim was a minor; and

(C) That the Defendant knew or had reason to know that such visual depiction would be mailed or transported across state lines or in foreign commerce; or (2) that the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means; or (c) that the visual depiction was mailed or actually transported across state lines or in foreign commerce.

**Penalties:**
FINE OF $ 250,000.00   (18 USC 3571)
IMPRISONMENT FOR  15 - 30 YRS
SUPERVISED RELEASE OF  5yrs to LIFE   (18 USC 3583)
SPECIAL ASSESSMENT $  100.00   (18 USC 3013)

3. The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court

are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

(A)     <u>Special Assessment:</u> Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

(B)     <u>Restitution:</u> The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the government in identifying all victims.

(C)     <u>Fines:</u> The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

4.     Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to § 1B1.3 of the United States Sentencing Guidelines.

5. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

6. The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

7. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

8. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

9. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to the forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees. The Defendant further agrees to prevent the disbursement, relocation or encumbrance of any such assets and agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above, wherever located. The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title and the signing of any other documents necessary to

effectuate such transfers. The Defendant agrees not to object to any civil forfeiture proceedings brought against these properties pursuant to any provision of law and the Defendant further understands that any such civil proceedings may properly be brought at any time before or after acceptance of Defendant's guilty plea in this matter and agrees to waive any double jeopardy claims he may have as a result of the forfeiture of these properties as provided for by this Agreement.

### Merger and Other Provisions

10. The parties agree that if the Court determines the Defendant has readily demonstrated acceptance of responsibility for his offenses, that USSG § 3E1.1(a) applies, thereby providing for a decrease of two (2) levels. In addition, if the Defendant qualifies for a decrease under § 3E1.1(a), the Government will move that he receive the one level decrease set forth in § 3E1.1(b), and requests that this provision be considered as that request.

11. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witness, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent

and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to his Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

12. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

13. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. If the defendant complies with all the terms of this Agreement, both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is a sentence of 262 to 327 months actual incarceration, followed by the appropriate statutory term of supervised release. In the event that the defendant complies with all terms of this Agreement

and the Court declines to impose this sentence, the Defendant will have the right to withdraw his guilty plea pursuant to FRCRP 11(C)(1)(c). If the Defendant does not comply with all the terms of this Agreement, the United States will seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw his plea.

15. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

2-23-2013
DATE

_signature_
GERALD E. ROBERTS, Defendant

2-25-2013
DATE

_signature_
Michael A. Meetze
Attorney for the Defendant

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

2/25/13
DATE

BY: _signature_
William E. Day, II
Assistant U. S. Attorney

-8-